IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _Juneau_

Betty G. Carey

        Plaintiff(s),

vs. Exxon Corporation, Exxon
Shipping Company and Exxon
Chemical Company, a Division
of Exxon Corporation, and
Exxon Mobile Corporation Defendant(s).

CASE NO. _15U-09- 619_ CI

**SUMMONS**
**AND**
**NOTICE TO BOTH PARTIES**
**OF JUDICIAL ASSIGNMENT**

To Defendant: _Exxon Corporation_

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): _P.O. Box 114100 Juneau AK 99811_
within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

    Plaintiff's attorney or plaintiff (if unrepresented): _Betty Carey_
    Address: _P.O. Box 37112_
        _Juneau AK 99803-7112_

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

THIS CASE FORMALLY ASSIGNED TO
JUDGE PHILIP PALLENBERG
BY ORDER OF THE PRESIDING JUDGE

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge_____.

(SEAL)

_5-15-09_                    CLERK OF COURT
    Date                    By: _____
                    Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (2/06)(st.3)          Exhibit _A_ Page _1_ of _27_        Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

## IN THE SUPERIOR COURT FOR THE STATE OF ALASAKA

### FIRST JUDICIAL DISTRICT AT JUNEAU

BETTY G. CAREY,                        )
                                       )
                      Plaintiff,       )
                                       )
vs.                                    )
                                       )
EXXON CORPORATION, EXXON               )
SHIPPING COMPANY and EXXON             )
CHEMICAL COMPANY, a DIVISION of        )
EXXON CORPORATION, and                 )
EXXON MOBILE CORPORATION               )      Case No. 1JU- 09- 619 Civil
                                       )
_____    )

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF IN PROPER PERSON FILES THIS COMPLAINT against the Defendants asserts and says the following:

1)    This is an action in excess of the minimum amount of $100,000.00 exclusive of interest and cost.

2)    At all material times each Defendant was a corporation doing business in the state of Alaska. At all material times the Plaintiff was a resident of Alaska;

3)    On or about March 24, 1989, the oil tanker Exxon Valdez ran aground in Prince William Sound Alaska and created a massive oil spill consisting of approximately 11 million gallons of North Slope crude oil. The catastrophe became known as the Exxon Valdez oil spill, (EVOS);

4)    During the subsequent weeks and months following the EVOS, Defendant orchestrated an attempt to remove the sludge and caked-on hardened oil from affected sandy shorelines and rocky ledges, foliage, and dead, oil-smothered, animals;

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

5)      Veco, an oil supply company, was one of a few companies that were contracted
by Defendant to engage in the oil clean-up process;

6)      Plaintiff was employed by Veco as an Oil Recovery Technician beginning in mid
July, 1989;

 A. Defendant burned and attempted to burn some of the oil.

 B. Defendant added surfactants and other chemicals, to the oil spill.

 C. Defendants applied fertilizers and other experimental chemicals to the oil
affected shores.

 D. Under the oversight of Defendant, Clean-up crews sprayed the high, hard- to-
reach, rocky ledges with high-pressure fire hoses which created an aerosolized oily mist
which filled the air and often covered Plaintiff and nearby oil recovery technicians;

7)      Among plaintiff's various tasks while on the oil spill, one of the jobs in which
Plaintiff was engaged was to manually remove oil and dead sea-life from the affected
shores.  Another job was to exchange oil soiled supplies and workers' gear for new.
Another job entailed her manually carrying large bags of oil spill garbage over her back
and shoulders;

8)      Plaintiff was exposed to North Slope crude oil by way of inhalation, skin contact,
by way of ingestion, saturation of hair and clothes, and seepage through skin abrasions;

9)      Recent medical studies link a causal connection between crude oil exposure and
development of autoimmune disease;

10)     Plaintiff discovered less than two years ago that she suffers from autoimmune
disease. This disease could not have been diagnosed prior to Plaintiff's biopsy which
was performed less than two years ago;

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

11)     Recent medical studies link a causal connection between crude oil exposure and development of endocrine problems such as thyroid disease and thyroid growths;

12)     Plaintiff recently discovered that she suffers from such endocrine health issues;

13)     New medical advances and studies, study techniques, and knowledge that were not available at the time of the oil spill, or even years afterwards, have recently become available;

14)     Plaintiff's employment on the EVOS has caused medical problems and disease such as, but not limited to: enormous pain and suffering, diminished quality of life, cognitive disabilities, cancer, DNA alterations, autoimmune disease, diminished capacity to function and be employed, emotional problems, stress, depression, a likely shortened lifespan, a need for medical studies which can cause death or further illness within themselves, and a legacy of disease passed on to her child;

15)     Plaintiff is now predisposed to further disease and complications as a result of her toxic exposure;

16)     Certain constituents of the North Slope crude oil such as Uranium, Barium, Lead, Antimony, were known, or should have been known by Defendant to be in very high toxic concentrations, and were known to be extremely harmful to humans who might come into contact with them;

17)     Plaintiff has recently tested positive for some of the toxins that she recently discovered were on the oil spill;

18)     Defendant disregarded government warnings and concerns about North Slope crude oil and recklessly put Plaintiff into harm's way without adequate warning or protective equipment;

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

16)    Defendant did not alert, educate, and / or warn oil spill workers such as Plaintiff
about the true danger(s), including but not limited to:  carcinogenicity, DNA alterations
and ill effects, and diseases that would likely be caused by exposure to the oil spill
clean-up process at the time of exposure, latent diseases that could develop, and
legacy diseases passed on to offspring;

17)    Defendant concealed from Plaintiff, and several thousand other oil spill workers,
that their reported symptoms were actually signs of toxic exposure that could lead to
subsequent illness, cancer, mutations, disease, and death;

18)    Workers were threatened with being fired if they complained about any illnesses
or injuries lasting more than two days. Workers were coerced into underreporting
illness;

19)    Defendant concealed the true toxicity of the oil spill and failed to warn;

20)    Plaintiff experienced great duress as a result of Defendant's concealment;

20)    As a result of toxic exposures being concealed by Defendant, Plaintiff was
unaware of how to inform subsequent doctors about possible causes of her symptoms,
and therefore could not mitigate the damage to her health and potential legacy effects of
having been exposed to toxins on the EVOS;

21)    Plaintiff could have been "pre-treated" with preventative medicine prior to
potential exposure that would have mitigated damages to her health if the true nature of
the toxic conditions on the oil spill would have been explained;

22)    Defendant took advantage of ordinary, uninformed, people such as Plaintiff by
not informing about the toxic nature of North Slope crude oil. Plaintiff would have

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

refused to go onto the oil spill if Defendant had been forthright about the toxic nature of the oil spill;

23)     Defendant should have known the toxicity of the load they transported and should have taken more adequate precautions in transportation thereof;

24)     Defendant did not warn Plaintiff about radioactive constituents and heavy metal poisoning and other toxic properties of the spilled crude oil, and did not take steps to ensure that an accurate Material Safety Data Sheet, (MSDS) reflected the hazardous properties of North Slope Crude Oil;

25)     Defendant's did not ensure that a current and accurate Material Safety Data Sheet was available regarding North Slope Crude oil;

26)     Plaintiff lives in a state of fear and depression because of not knowing the full extent of having been toxically exposed and the latent effects and legacy effects, among other consequences of toxic exposure, including but not limited to: recurrence and further spread of her cancer, and yet-to-be discovered primary cancer, bone, and major organ disease, loss of vision, and similar effects to her child;

27)     As a result of previous activity that Plaintiff attributes to Defendant, Plaintiff fears retaliation, intimidation, collusion, fraudulent reports, conflicts of interest and bias among Defendant's doctors' reports whose facilities are well funded by Defendant, and invasion of her privacy as a result of her seeking justice regarding the oil spill;

28)     Plaintiff has suffered diminished capacity and mental anguish as a result of triggering of the toxic effects of the oil spill on her nervous system and body;

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

29)    The Defendant committed FRAUD by, among other instances, not ensuring that
the oil spill workers were properly warned and additional fraud by not ensuring that the
toxicity of the oil spill was correctly reported;

30)    Defendant committed GROSS NEGLIGENCE in not disclosing potential toxic
exposure, and FAILED TO WARN and adequately equip Plaintiff with safety equipment
regarding her work prior to or while she was within the toxicity of the oil spill.

31)    Defendant's negligence created triggers for disease and problems that would be
realized later in life;

32)    Plaintiff Moves the Court to remove any potential Statute of Limitations;

32)    Based upon FRAUD and lack of warnings and concealment of evidence, plus
Plaintiff's previous diminished capacity, Plaintiff seeks repeal of any Statute of
Limitations concerning the oil spill injuries and disease; AND IN THE ALTERNATIVE,
Plaintiff be allowed to present her case, considering newly discovered disease and
causal connection which could not have been discovered within the constraints of usual
Statute of Limitations timeframe, and a variance be set by this court favorable to Plaintiff
that is longer than two years; AND IN THE ALTERNATIVE, Plaintiff be allowed to
present evidence consisting of the past two years regarding newly discovered disease;

33)    Plaintiff reserves the right to supplement or remove items from her Complaint,
and reserves all rights, including those rights not known to her at this time;

        WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT against Defendants for all
damages as allowed under applicable Law, and for any other damage this Court may
deem fit and proper, and for a trial by JURY.

                                              Respectfully submitted by,

        Dated this __18th__ day of May, 2009        _Betty G. Carey_
                                                       Betty G. Carey
                                                       Plaintiff, *pro se*

Plaintiff's Original Complaint
Case # 1-JU-09-619 Civil            *Page - 6 - of 7*   Exhibit __A__ Page __1__ of __27__

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of Plaintiff's Original Complaint was mailed first class, postage paid, Return Receipt, 7007 0710 0009 6212 6962  or hand delivered, or transmitted by facsimile on this  18th  day of ___May___ , 2009 to:

Exxon Mobile Corporation, Exxon Corporation
Registered Agent Corporation Company,
9360 Glacier Hwy, Suite #202
Juneau AK 99801

*Betty G. Carey*
Betty G. Carey



IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _Juneau_

Betty G. Carey

          Plaintiff(s),

vs. Exxon Corporation, Exxon Shipping
Company and Exxon Chemical Company,
a Division of Exxon Corporation, and
Exxon Mobile Corporation
          Defendant(s).

CASE NO. _1 JU-09-619_ CI

**SUMMONS**
**AND**
**NOTICE TO BOTH PARTIES**
**OF JUDICIAL ASSIGNMENT**

To Defendant: _Exxon Mobile Corporation_

You are hereby summoned and required to file with the court a written answer to the complaint
which accompanies this summons. Your answer must be filed with the court at
(address): _P.O. Box 114100 Juneau AK 99811_
within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

    Plaintiff's attorney or plaintiff (if unrepresented): _Betty Carey_
    Address: _P.O. Box 34112_
        _Juneau AK 99803-4112_

If you fail to file your answer within the required time, a default judgment may be entered
against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this
case, in writing, of your current mailing address and any future changes to your mailing address
and telephone number. You may use court form *Notice of Change of Address / Telephone
Number* (TF-955), available at the clerk's office or on the court system's website at
www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

THIS CASE FORMALLY ASSIGNED TO
JUDGE PHILIP PALLENBERG

You are hereby given notice that this case has been assigned to Judge BY ORDER OF THE PRESIDING JUDGE

(SEAL)

_5/18/09_
Date

CLERK OF COURT

By: _Sue W. Evans_
Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If
you have been served with this summons outside the United States, you also have 40 days to
file your answer.

CIV-100 (2/06)(st.3)
SUMMONS

xhibit _A_ Page _10_ of _29_

Civil Rules 4, 5, 12, 42(c), 55

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

## IN THE SUPERIOR COURT FOR THE STATE OF ALASAKA

### FIRST JUDICIAL DISTRICT AT JUNEAU

BETTY G. CAREY,                                )
                                               )
                        Plaintiff,             )
                                               )
vs.                                            )
                                               )
EXXON CORPORATION, EXXON                       )
SHIPPING COMPANY and EXXON                     )
CHEMICAL COMPANY, a DIVISION of                )
EXXON CORPORATION, and                         )
EXXON MOBILE CORPORATION                       )        Case No. 1JU- 09- 619 Civil
                                               )
_____)

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF IN PROPER PERSON FILES THIS COMPLAINT
against the Defendants asserts and says the following:

1)    This is an action in excess of the minimum amount of $100,000.00 exclusive of
interest and cost.

2)    At all material times each Defendant was a corporation doing business in the
state of Alaska.  At all material times the Plaintiff was a resident of Alaska;

3)    On or about March 24, 1989, the oil tanker Exxon Valdez ran aground in Prince
William Sound Alaska and created a massive oil spill consisting of approximately 11
million gallons of North Slope crude oil. The catastrophe became known as the Exxon
Valdez oil spill, (EVOS);

4)    During the subsequent weeks and months following the EVOS, Defendant
orchestrated an attempt to remove the sludge and caked-on hardened oil from affected
sandy shorelines and rocky ledges, foliage, and dead, oil-smothered, animals;

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

5) Veco, an oil supply company, was one of a few companies that were contracted by Defendant to engage in the oil clean-up process;

6) Plaintiff was employed by Veco as an Oil Recovery Technician beginning in mid July, 1989;

    A. Defendant burned and attempted to burn some of the oil.

    B. Defendant added surfactants and other chemicals, to the oil spill.

    C. Defendants applied fertilizers and other experimental chemicals to the oil affected shores.

    D. Under the oversight of Defendant, Clean-up crews sprayed the high, hard- to-reach, rocky ledges with high-pressure fire hoses which created an aerosolized oily mist which filled the air and often covered Plaintiff and nearby oil recovery technicians;

7) Among plaintiff's various tasks while on the oil spill, one of the jobs in which Plaintiff was engaged was to manually remove oil and dead sea-life from the affected shores. Another job was to exchange oil soiled supplies and workers' gear for new. Another job entailed her manually carrying large bags of oil spill garbage over her back and shoulders;

8) Plaintiff was exposed to North Slope crude oil by way of inhalation, skin contact, by way of ingestion, saturation of hair and clothes, and seepage through skin abrasions;

9) Recent medical studies link a causal connection between crude oil exposure and development of autoimmune disease;

10) Plaintiff discovered less than two years ago that she suffers from autoimmune disease. This disease could not have been diagnosed prior to Plaintiff's biopsy which was performed less than two years ago;

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

11)    Recent medical studies link a causal connection between crude oil exposure and development of endocrine problems such as thyroid disease and thyroid growths;

12)    Plaintiff recently discovered that she suffers from such endocrine health issues;

13)    New medical advances and studies, study techniques, and knowledge that were not available at the time of the oil spill, or even years afterwards, have recently become available;

14)    Plaintiff's employment on the EVOS has caused medical problems and disease such as, but not limited to: enormous pain and suffering, diminished quality of life, cognitive disabilities, cancer, DNA alterations, autoimmune disease, diminished capacity to function and be employed, emotional problems, stress, depression, a likely shortened lifespan, a need for medical studies which can cause death or further illness within themselves, and a legacy of disease passed on to her child;

15)    Plaintiff is now predisposed to further disease and complications as a result of her toxic exposure;

16)    Certain constituents of the North Slope crude oil such as Uranium, Barium, Lead, Antimony, were known, or should have been known by Defendant to be in very high toxic concentrations, and were known to be extremely harmful to humans who might come into contact with them;

17)    Plaintiff has recently tested positive for some of the toxins that she recently discovered were on the oil spill;

18)    Defendant disregarded government warnings and concerns about North Slope crude oil and recklessly put Plaintiff into harm's way without adequate warning or protective equipment;

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

16)    Defendant did not alert, educate, and / or warn oil spill workers such as Plaintiff about the true danger(s), including but not limited to: carcinogenicity, DNA alterations and ill effects, and diseases that would likely be caused by exposure to the oil spill clean-up process at the time of exposure, latent diseases that could develop, and legacy diseases passed on to offspring;

17)    Defendant concealed from Plaintiff, and several thousand other oil spill workers, that their reported symptoms were actually signs of toxic exposure that could lead to subsequent illness, cancer, mutations, disease, and death;

18)    Workers were threatened with being fired if they complained about any illnesses or injuries lasting more than two days. Workers were coerced into underreporting illness;

19)    Defendant concealed the true toxicity of the oil spill and failed to warn;

20)    Plaintiff experienced great duress as a result of Defendant's concealment;

20)    As a result of toxic exposures being concealed by Defendant, Plaintiff was unaware of how to inform subsequent doctors about possible causes of her symptoms, and therefore could not mitigate the damage to her health and potential legacy effects of having been exposed to toxins on the EVOS;

21)    Plaintiff could have been "pre-treated" with preventative medicine prior to potential exposure that would have mitigated damages to her health if the true nature of the toxic conditions on the oil spill would have been explained;

22)    Defendant took advantage of ordinary, uninformed, people such as Plaintiff by not informing about the toxic nature of North Slope crude oil. Plaintiff would have

refused to go onto the oil spill if Defendant had been forthright about the toxic nature of the oil spill;

23)     Defendant should have known the toxicity of the load they transported and should have taken more adequate precautions in transportation thereof;

24)     Defendant did not warn Plaintiff about radioactive constituents and heavy metal poisoning and other toxic properties of the spilled crude oil, and did not take steps to ensure that an accurate Material Safety Data Sheet, (MSDS) reflected the hazardous properties of North Slope Crude Oil;

25)     Defendant's did not ensure that a current and accurate Material Safety Data Sheet was available regarding North Slope Crude oil;

26)     Plaintiff lives in a state of fear and depression because of not knowing the full extent of having been toxically exposed and the latent effects and legacy effects, among other consequences of toxic exposure, including but not limited to: recurrence and further spread of her cancer, and yet-to-be discovered primary cancer, bone, and major organ disease, loss of vision, and similar effects to her child;

27)     As a result of previous activity that Plaintiff attributes to Defendant, Plaintiff fears retaliation, intimidation, collusion, fraudulent reports, conflicts of interest and bias among Defendant's doctors' reports whose facilities are well funded by Defendant, and invasion of her privacy as a result of her seeking justice regarding the oil spill;

28)     Plaintiff has suffered diminished capacity and mental anguish as a result of triggering of the toxic effects of the oil spill on her nervous system and body;

29)     The Defendant committed FRAUD by, among other instances, not ensuring that the oil spill workers were properly warned and additional fraud by not ensuring that the toxicity of the oil spill was correctly reported;

30)     Defendant committed GROSS NEGLIGENCE in not disclosing potential toxic exposure, and FAILED TO WARN and adequately equip Plaintiff with safety equipment regarding her work prior to or while she was within the toxicity of the oil spill.

31)     Defendant's negligence created triggers for disease and problems that would be realized later in life;

32)     Plaintiff Moves the Court to remove any potential Statute of Limitations;

32)     Based upon FRAUD and lack of warnings and concealment of evidence, plus Plaintiff's previous diminished capacity, Plaintiff seeks repeal of any Statute of Limitations concerning the oil spill injuries and disease; AND IN THE ALTERNATIVE, Plaintiff be allowed to present her case, considering newly discovered disease and causal connection which could not have been discovered within the constraints of usual Statute of Limitations timeframe, and a variance be set by this court favorable to Plaintiff that is longer than two years; AND IN THE ALTERNATIVE, Plaintiff be allowed to present evidence consisting of the past two years regarding newly discovered disease;

33)     Plaintiff reserves the right to supplement or remove items from her Complaint, and reserves all rights, including those rights not known to her at this time;

        WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT against Defendants for all damages as allowed under applicable Law, and for any other damage this Court may deem fit and proper, and for a trial by JURY.

                                        Respectfully submitted by,

Dated this __18th__ day of May, 2009        *Betty G Carey*

                                        Betty G. Carey
                                        Plaintiff, *pro se*

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Original Complaint was <u>mailed first class</u>, postage paid, Return Receipt, 7007 0710 0004 6232 6993 or hand delivered, or transmitted by facsimile on this __18th__ day of ___May___, 2009 to:

Exxon Mobile Corporation,
Registered Agent Corporation Company,
9360 Glacier Hwy, Suite #202
Juneau AK 99801

*Betty G Carey*
Betty G. Carey



IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _Juneau_

Betty G. Carey

Plaintiff(s),

vs. Exxon Corporation, Exxon
Shipping Company and Exxon
Chemical Company, a Division of
Exxon Corporation, and
Exxon Mobile Corporation Defendant(s).

CASE NO. 1 JU-09-619 _____ CI

**SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: _Exxon Chemical Company, a Division of Exxon Corporation_

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): _P.O. Box 114100 Juneau AK 99811_
within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

Plaintiff's attorney or plaintiff (if unrepresented): _Betty Carey_
Address: _P. O. Box 34112_
_Juneau AK 99803-4112_

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

THIS CASE FORMALLY ASSIGNED TO
JUDGE PHILIP PALLENBERG

You are hereby given notice that this case has been assigned to Judge BY ORDER OF THE PRESIDING JUDGE

(SEAL)

_5/18/09_
Date

CLERK OF COURT

By: _Eve W. Evans_
Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (2/06)(st.3)          xhibit ⊆ Page 19 of 27          Civil Rules 4, 5, 12, 42(c), 55

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

## IN THE SUPERIOR COURT FOR THE STATE OF ALASAKA

### FIRST JUDICIAL DISTRICT AT JUNEAU

BETTY G. CAREY,                                    )
                                                   )
                          Plaintiff,               )
                                                   )
vs.                                                )
                                                   )
EXXON CORPORATION, EXXON                           )
SHIPPING COMPANY and EXXON                         )
CHEMICAL COMPANY, a DIVISION of                    )
EXXON CORPORATION, and                             )
EXXON MOBILE CORPORATION                           )     Case No. 1JU- 09- 619 Civil
                                                   )
_____                )

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF IN PROPER PERSON FILES THIS COMPLAINT against the Defendants asserts and says the following:

1)      This is an action in excess of the minimum amount of $100,000.00 exclusive of interest and cost.

2)      At all material times each Defendant was a corporation doing business in the state of Alaska. At all material times the Plaintiff was a resident of Alaska;

3)      On or about March 24, 1989, the oil tanker Exxon Valdez ran aground in Prince William Sound Alaska and created a massive oil spill consisting of approximately 11 million gallons of North Slope crude oil. The catastrophe became known as the Exxon Valdez oil spill, (EVOS);

4)      During the subsequent weeks and months following the EVOS, Defendant orchestrated an attempt to remove the sludge and caked-on hardened oil from affected sandy shorelines and rocky ledges, foliage, and dead, oil-smothered, animals;

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

5)   Veco, an oil supply company, was one of a few companies that were contracted by Defendant to engage in the oil clean-up process;

6)   Plaintiff was employed by Veco as an Oil Recovery Technician beginning in mid July, 1989;

    A. Defendant burned and attempted to burn some of the oil.

    B. Defendant added surfactants and other chemicals, to the oil spill.

    C. Defendants applied fertilizers and other experimental chemicals to the oil affected shores.

    D. Under the oversight of Defendant, Clean-up crews sprayed the high, hard- to-reach, rocky ledges with high-pressure fire hoses which created an aerosolized oily mist which filled the air and often covered Plaintiff and nearby oil recovery technicians;

7)   Among plaintiff's various tasks while on the oil spill, one of the jobs in which Plaintiff was engaged was to manually remove oil and dead sea-life from the affected shores. Another job was to exchange oil soiled supplies and workers' gear for new. Another job entailed her manually carrying large bags of oil spill garbage over her back and shoulders;

8)   Plaintiff was exposed to North Slope crude oil by way of inhalation, skin contact, by way of ingestion, saturation of hair and clothes, and seepage through skin abrasions;

9)   Recent medical studies link a causal connection between crude oil exposure and development of autoimmune disease;

10)   Plaintiff discovered less than two years ago that she suffers from autoimmune disease. This disease could not have been diagnosed prior to Plaintiff's biopsy which was performed less than two years ago;

xhibit _A_ Page 21 of 27

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

11)   Recent medical studies link a causal connection between crude oil exposure and development of endocrine problems such as thyroid disease and thyroid growths;

12)   Plaintiff recently discovered that she suffers from such endocrine health issues;

13)   New medical advances and studies, study techniques, and knowledge that were not available at the time of the oil spill, or even years afterwards, have recently become available;

14)   Plaintiff's employment on the EVOS has caused medical problems and disease such as, but not limited to: enormous pain and suffering, diminished quality of life, cognitive disabilities, cancer, DNA alterations, autoimmune disease, diminished capacity to function and be employed, emotional problems, stress, depression, a likely shortened lifespan, a need for medical studies which can cause death or further illness within themselves, and a legacy of disease passed on to her child;

15)   Plaintiff is now predisposed to further disease and complications as a result of her toxic exposure;

16)   Certain constituents of the North Slope crude oil such as Uranium, Barium, Lead, Antimony, were known, or should have been known by Defendant to be in very high toxic concentrations, and were known to be extremely harmful to humans who might come into contact with them;

17)   Plaintiff has recently tested positive for some of the toxins that she recently discovered were on the oil spill;

18)   Defendant disregarded government warnings and concerns about North Slope crude oil and recklessly put Plaintiff into harm's way without adequate warning or protective equipment;

Exhibit _A_ Page 22 of 27

16)     Defendant did not alert, educate, and / or warn oil spill workers such as Plaintiff
about the true danger(s), including but not limited to: carcinogenicity, DNA alterations
and ill effects, and diseases that would likely be caused by exposure to the oil spill
clean-up process at the time of exposure, latent diseases that could develop, and
legacy diseases passed on to offspring;

17)     Defendant concealed from Plaintiff, and several thousand other oil spill workers,
that their reported symptoms were actually signs of toxic exposure that could lead to
subsequent illness, cancer, mutations, disease, and death;

18)     Workers were threatened with being fired if they complained about any illnesses
or injuries lasting more than two days. Workers were coerced into underreporting
illness;

19)     Defendant concealed the true toxicity of the oil spill and failed to warn;

20)     Plaintiff experienced great duress as a result of Defendant's concealment;

20)     As a result of toxic exposures being concealed by Defendant, Plaintiff was
unaware of how to inform subsequent doctors about possible causes of her symptoms,
and therefore could not mitigate the damage to her health and potential legacy effects of
having been exposed to toxins on the EVOS;

21)     Plaintiff could have been "pre-treated" with preventative medicine prior to
potential exposure that would have mitigated damages to her health if the true nature of
the toxic conditions on the oil spill would have been explained;

22)     Defendant took advantage of ordinary, uninformed, people such as Plaintiff by
not informing about the toxic nature of North Slope crude oil. Plaintiff would have

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

refused to go onto the oil spill if Defendant had been forthright about the toxic nature of the oil spill;

23)     Defendant should have known the toxicity of the load they transported and should have taken more adequate precautions in transportation thereof;

24)     Defendant did not warn Plaintiff about radioactive constituents and heavy metal poisoning and other toxic properties of the spilled crude oil, and did not take steps to ensure that an accurate Material Safety Data Sheet, (MSDS) reflected the hazardous properties of North Slope Crude Oil;

25)     Defendant's did not ensure that a current and accurate Material Safety Data Sheet was available regarding North Slope Crude oil;

26)     Plaintiff lives in a state of fear and depression because of not knowing the full extent of having been toxically exposed and the latent effects and legacy effects, among other consequences of toxic exposure, including but not limited to: recurrence and further spread of her cancer, and yet-to-be discovered primary cancer, bone, and major organ disease, loss of vision, and similar effects to her child;

27)     As a result of previous activity that Plaintiff attributes to Defendant, Plaintiff fears retaliation, intimidation, collusion, fraudulent reports, conflicts of interest and bias among Defendant's doctors' reports whose facilities are well funded by Defendant, and invasion of her privacy as a result of her seeking justice regarding the oil spill;

28)     Plaintiff has suffered diminished capacity and mental anguish as a result of triggering of the toxic effects of the oil spill on her nervous system and body;

Exhibit  A  Page 24 of 27

29)    The Defendant committed FRAUD by, among other instances, not ensuring that the oil spill workers were properly warned and additional fraud by not ensuring that the toxicity of the oil spill was correctly reported;

30)    Defendant committed GROSS NEGLIGENCE in not disclosing potential toxic exposure, and FAILED TO WARN and adequately equip Plaintiff with safety equipment regarding her work prior to or while she was within the toxicity of the oil spill.

31)    Defendant's negligence created triggers for disease and problems that would be realized later in life;

32)    Plaintiff Moves the Court to remove any potential Statute of Limitations;

32)    Based upon FRAUD and lack of warnings and concealment of evidence, plus Plaintiff's previous diminished capacity, Plaintiff seeks repeal of any Statute of Limitations concerning the oil spill injuries and disease; AND IN THE ALTERNATIVE, Plaintiff be allowed to present her case, considering newly discovered disease and causal connection which could not have been discovered within the constraints of usual Statute of Limitations timeframe, and a variance be set by this court favorable to Plaintiff that is longer than two years; AND IN THE ALTERNATIVE, Plaintiff be allowed to present evidence consisting of the past two years regarding newly discovered disease;

33)    Plaintiff reserves the right to supplement or remove items from her Complaint, and reserves all rights, including those rights not known to her at this time;

      WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT against Defendants for all damages as allowed under applicable Law, and for any other damage this Court may deem fit and proper, and for a trial by JURY.

Respectfully submitted by,

Dated this __18th__ day of May, 2009

*Betty G Carey*

Betty G. Carey
Plaintiff, *pro se*

Betty Carey
P.O. Box 34112
Juneau AK 99803
907-789-5947

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Original Complaint was mailed first class, postage paid, Return Receipt, 7007 0710 0004 6292 6986 or hand delivered, or transmitted by facsimile on this  18th  day of ___May___, 2009 to:

Exxon Mobile Corporation, Exxon Chemical Company, a division of Exxon
Registered Agent Corporation Company,                              Corporation
9360 Glacier Hwy, Suite #202
Juneau AK 99801

*Betty G. Carey*

Betty G. Carey

xhibit  A  Page  26  of  27



U.S. POSTAGE
JAMBURG
MAY 2009 US
AMOUNT
$6.32
00042677-05

10606

CERTIFIED MAIL

7007 0720 0004 3233 1984

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FIRST JUDICIAL DISTRICT AT JUNEAU

BETTY G. CAREY,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )
                                         )
EXXON CORPORATION, EXXON                 )
SHIPPING COMPANY and EXXON               )
CHEMICAL COMPANY, a DIVISION of          )
EXXON CORPORATION, and                   )
EXXON MOBILE CORPORATION                 )
                                         )
                    Defendants.          )
_____ )   Case No. 1JU-09-0619 CI

### STATEMENT OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, on June 4, 2009, defendant Exxon Mobil Corporation, formerly doing business as Exxon Corporation, Exxon Shipping Company and Exxon Chemical Company, a division of Exxon Corporation, hereby gives notice that Notice of Removal of the above-entitled matter from the Superior Court for the State of Alaska, First Judicial District at Juneau, was filed in the United States District Court for the District of Alaska at Anchorage.  A copy of the Notice of Removal is attached for filing in the superior court.

DATED this 4th day of June, 2009, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Defendants

By: _____ for

Randall J. Weddle
ABA No. 7206034

Exhibit B Page 1 of 2

## CERTIFICATE OF SERVICE

The undersigned certifies that on
this 9 day of June, 2009, a
true and correct copy of the
foregoing document was served on
the following via U.S. Mail:

    Betty G. Carey
    P. O. Box 34112
    Juneau, AK 99803-4112

By: _____
    Legal Secretary/Assistant
    Holmes Weddle & Barcott, P.C.

X:\827\16594\Carey v Exxon\StateCtRemovalNTC.doc

**HOLMES WEDDLE & BARCOTT, PC**
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-3408
TELEPHONE (907) 274-0666

Exhibit B Page 2 of 2